UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERNARD S. LEVI, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 11-0482 (EGS) |
| ) | |
| BROWN & WILLIAMSON TOBACCO ) | |
| CORP., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the defendants' joint motion to dismiss. For the reasons discussed below, the motion will be granted.

I.  BACKGROUND

Plaintiff and his sisters "witnessed [their] mother Mrs. Julia Ellen Waring smoke cigarettes on a daily basis[,] roughly two packs a day for over 40 years." Compl. at 2; *see id.* at 3. Mrs. Waring "smoked a variety of cigarette[e]s" which plaintiff purchased for her at neighborhood stores between January 1973 and January 1992. *Id.* at 3. Mrs. Waring "became addicted to cigarettes and was unable to quit smoking," *id.*, and ultimately died on December 2, 1999, *id.* at 2, "of metastasis lung cancer," *id.* at 3.

According to plaintiff, "the tobacco companies manipulated the amount of nicotine in cigarettes with the intent of creating addiction among consumers," including his mother. *Id.* Mrs. Waring allegedly was unaware of this manipulation of the nicotine levels in cigarettes, and "[h]ad [she] known . . . she would have stopped smoking." *Id.* By "willfully misrepresent[ing]

1

the true nature of the health risks associated with cigarette use," defendants allegedly "contributed to [Mrs. Waring's] death." *Id.* at 4. Further, defendants "intentionally withheld" knowledge of the effects of cigarette smoking "with the intent to deceive the public which lead to the death of [plaintiff's] mother," who knew nothing "of the unjust, fraudulent, deceptive and concealment practice of the tobacco companies." *Id.*

Plaintiff purports to bring "[t]his action . . . on behalf of the (Son) Bernard Levi the Personal Representative of the . . . deceased[,] Mrs. Julia Ellen Waring, *id.* at 2, and raises the following claims:

> Product Liability, Fraud, Deceptive Trade Practice,
> WRONGFUL DEATH: SURVIVAL STATUTE: LOSS OF CONSORTIUM CLAIMS
> BREACH OF WARRANTY: CONSPIRACY AND DEPRIVATION OF PLAINTIFF'S
> CONSTITUTIONAL RIGHTS AND NEGLIGENCE

*Id.* at 1 (caption) (emphasis in original).[1] Plaintiff demands judgment in his favor and an award of $79.5 million dollars. *Id.* at 5.

---

[1] Plaintiff is a *pro se* party who cannot bring claims on behalf of his deceased mother's estate or his sisters. *See* 28 U.S.C. § 1654; *see also Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984). Nor may plaintiff bring claims under the Wrongful Death Act, *see* D.C. Code § 16-2701, and the Survival Act, *see* D.C. Code § 12-101, because under either statute the claim must be brought by the decedent's personal representative. *See Henson v. W.H.H. Trice & Co.,* 466 F. Supp. 2d 187, 192 (D.D.C. 2006) (allowing decedent's mother, who was the sole personal representative of her son's estate and legal representative of the estate, to proceed in negligence action in her personal, individual capacity and in her capacity as next friend to decedent's minor siblings). For purposes of the wrongful death statute, the term "personal representative" refers only to an officially appointed administrator or executor. *Strother v. District of Columbia,* 372 A.2d 1291, 1296 n.7 (D.C. 1977). However, "a legal representative under the Survival Act may be any person who, whether by virtue of testamentary act or operation of law, stands in the place of the decedent with respect to his property, and that Congress did not intend to restrict the right to bring a survival action to duly appointed personal representatives, i.e., executors or administrators." *Id.* at 1295-96. Plaintiff does not establish that he is the court-appointed personal representative of his deceased mother's estate, or that, by testamentary act or operation of law, he is authorized to bring wrongful death and survivorship claims.

Defendants R.J. Reynolds Tobacco Company[2] and Philip Morris USA Inc. have filed a joint motion to dismiss the complaint on the grounds that it "fail[s] to plead facts that support a cognizable claim under the law of the District of Columbia," that federal law preempts his failure to warn claim, and that it fails to adequately allege a claim of fraud.  Mem. of P. & A. in Supp. of Defs.' Joint Mot. to Dismiss Pl.'s Claims ("Defs.' Mem.") at 3-4.

## II. DISCUSSION

### A. Dismissal Under Rule 12(b)(6)

Defendants move to dismiss the complaint on the ground that the complaint "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A motion under Rule 12(b)(6) tests the sufficiency of the complaint.  *See Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002).  "[T]he complaint is construed liberally in the plaintiff['s] favor, and [the Court] grant[s the] plaintiff[] the benefit of all inferences that can be derived from the facts alleged."  *Kowal v. MCI Comm'cns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A complaint survives a motion under Rule 12(b)(6) only if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal,* 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556

---

[2]   R.J. Reynolds Tobacco Company brings this motion "individually and as successor in interest to the U.S. tobacco business of Brown & Williamson Tobacco Corporation."  Defs.' Mem. at 1.

(2007)). "A complaint alleging facts which are merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citing *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), but it, too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1950).

Although detailed factual allegations are not required at the pleading stage, a complaint must offer more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 129 S. Ct. at 1949 (citations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *id.* (quoting *Twombly*, 550 U.S. at 555), and a complaint which merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" *id.* (quoting *Twombly*, 550 U.S. at 557), is equally unavailing.

   *B. The Complaint Fails to State Product Liability, Deceptive Trade Practice, Loss of Consortium, Breach of Warranty, Conspiracy, Constitutional and Negligence Claims*[3]

Plaintiff's complaint is replete with labels and legal conclusions, offering few, if any, facts which might even remotely support his claims. For example, the caption of the complaint

---

[3] It does not appear that plaintiff raises a failure to warn claim. Had he done so, under the Federal Cigarette Labeling and Advertising Act, as amended ("Labeling Act"), *see* 15 U.S.C. §§ 1331-40, defendants' alleged failure to warn of the dangers of cigarettes after July 1, 1969, is preempted by federal law. *See Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 524 (1992) ("[I]nsofar as claims under either failure-to-warn theory require a showing that respondents' post-1969 advertising or promotions should have included additional, or more clearly stated, warnings, those claims are pre-empted."); *Waterhouse v. R.J. Reynolds Tobacco Co.*, 270 F. Supp. 2d 678, 682-84 (D. Md. 2003).

suggests that plaintiff brings a constitutional claim, yet the only other reference to a constitutional claim is a citation to 42 U.S.C. § 1985, *see* Compl. at 1 (Jurisdiction), pertaining to conspiracy to interfere with a person's civil rights. There is no mention of the constitutional right allegedly violated, and wholly absent from the complaint are factual allegations setting forth defendants' alleged unconstitutional actions or omissions. A second example is the caption's suggestion of a negligence claim, while the body of the pleading makes no factual allegations tending to show that defendants owed him a duty of care, the breach of which proximately caused him injury or damages. *See, e.g., Powell v. District of Columbia*, 634 A.2d 403, 406 (D.C. 1993) (setting forth the elements of a common law negligence action). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. With the exception of the fraud claim, the complaint offers mere labels and conclusions which are woefully insufficient and thus cannot survive defendants' motion.

This complaint is exactly the type of pleading that *Twombly* and *Iqbal* are designed to address. *See Anders v. Dolgencorp, LLC*, No. 5:11 CV 2098, 2011 WL 6338837, at *3 (N.D. Ohio Dec. 19, 2011) (finding that complaint which "provides no additional facts" to support a claim for intentional infliction of emotional distress under Ohio law "is precisely the type of pleading that *Twombly* and *Iqbal* addressed as insufficient"); *Okoye v. Bank of New York Mellon*, No. 10-11563, 2011 WL 3269686, at *14 (D. Mass. July 28, 2011) (finding that "blanket allegations of law are precisely the kind that the Supreme Court sought to address in *Iqbal*," such that bare allegation that "defendants committed fraudulent representations" is insufficient); *Reyes v. GMAC Mortgage LLC*, No. 2:11-CV-100, 2011 WL 1322775, at *3 (D. Nev. Apr. 5, 2011) (finding that assertion that defendant "violated the Nevada Deceptive Trade Practices [Act] . . .

through the actions they have taken" does not state deceptive trade practices claim under the *Iqbal* and *Twombly* standard); *Watson v. V.A. Hosp.*, No. 3:09-1140, 2010 WL 3907336, at *1 (M.D. Tenn. Aug. 27, 2010) (recommending dismissal of complaint where "Plaintiff has provided absolutely no facts," and instead "simply sued Defendant for 'violation' of a federal statute and 'violations' of a number of state statutes," while "provid[ing] no facts whatsoever to support these legal allegations and conclusions"), *adopted*, 2010 WL 3878916 (M.D. Tenn. Sept. 29, 2010); *see also Dock v. Rush*, No. 9-cv-606, 2010 WL 4386470, at *4 n.3 (M.D. Pa. Oct. 29, 2010) ("*Iqbal* was meant to prevent the very course Plaintiffs seek to follow, which is to file a facially implausible complaint and discover their way into a plausible claim."), *aff'd*, 432 F. App'x 130 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1014 (2012).  This complaint simply "has not nudged his claims . . . across the line from conceivable to plausible." *Iqbal*, 129 S. Ct. at 1951 (brackets, internal quotation marks and citation omitted).  Accordingly, the product liability, deceptive trade practice, loss of consortium, breach of warranty, conspiracy, deprivation of constitutional rights and negligence claims must be dismissed.

### C. The Complaint Fails to State Fraud and Fraudulent Concealment Claims

Defendants move to dismiss plaintiff's fraud claim first by arguing that the complaint "fails to plead the facts underlying the purported fraud with sufficient particularity."  Defs.' Mem. at 11.  Further, defendants argue that the claim is subject to dismissal because the complaint does not specify the nature, content, time and place of the representations allegedly made by defendants that his late mother saw, read, or heard, or on which she relied.  *See id.*

The elements of common law fraud are: "(1) a false representation, (2) in reference to a material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action

is taken in reliance upon the representation." *Bennett v. Kiggins,* 377 A.2d 57, 59 (D.C. 1977), *cert. denied,* 434 U.S. 1034 (1978). "Nondisclosure or silence . . . may constitute fraud [as well]." *Id.*; *see Tucker v. Beazley*, 57 A.2d 191, 193 (D.C. 1948) (noting that "a misrepresentation 'may consist as much in the suppression of what is true as in the assertion of what is false'") (quoting *Sec. Inv. Co. v. Garrett,* 3 App. D.C. 69 (App. D.C. 1894)). A party "pleading fraudulent concealment 'must plead with particularity the facts giving rise to the fraudulent concealment claim and must establish that [he] used due diligence in trying to uncover the facts.'" *Firestone v. Firestone*, 76 F.3d 1205, 1211 (D.C. Cir. 1996) (citation omitted). In addition to these elements, Rule 9(b) of the Federal Rules of Civil Procedure requires that "[in] all averments of fraud . . . the circumstances constituting fraud shall be stated with particularity." Fed. R. Civ. P. 9(b). However, "[m]alice, intent, knowledge and other conditions of a person's mind to be alleged generally." *Id.*

Plaintiff attempts to address the particularity requirement by listing the places where and the time period during which he bought cigarettes manufactured and sold by defendants for his mother. *See* Compl. at 3; *see id.*, Aff. of Bernard S. Levi ¶¶ 1-2. He claims that these "are the locations with particularity as [he] remember[s] to satisfy the fraud pleading requirement under [Rule] 9(b)." Compl. at 3. Plaintiff misses the point. "[B]ecause fraud encompasses a wide variety of activities, the requirements of Rule 9(b) guarantee all defendants sufficient information to allow for preparation of a response." *Busby v. Capital One, N.A.*, 772 F. Supp. 2d 268, 276 (D.D.C. 2011) (internal quotation marks and citations omitted). A list of the places and dates of cigarette purchases does not touch on the elements of a fraud or fraudulent concealment claim, or provide defendants with sufficient information about the claim. Rather, a well-pled claim requires that the plaintiff allege the facts misrepresented, the time, place and content of the

7

false representations, Mrs. Waring's reliance on defendants' nondisclosure, and the consequences of the fraud. *Firestone*, 76 F.3d at 1211 (citations omitted); *see Smith v. Brown & Williamson Tobacco Corp.*, 108 F. Supp. 2d 12, 17 (D.D.C. 2000) (granting summary judgment for defendant on fraud claim because plaintiff "has not shown that she relied on defendants' alleged nondisclosure"); *see also Witherspoon v. Philip Morris Inc.*, 964 F. Supp. 455, 459 (D.D.C. 1997). It is not enough to assert "that the tobacco companies concealed information since at least 1953 that nicotine was addictive," Pl.'s Opp'n at 4, or rely on information "[w]hich is now open to the public and part of court files," Compl. at 4, as a substitute for facts.

### III.  CONCLUSION

The Court concludes that the complaint fails to state a claim upon which relief can be granted. Accordingly, defendants' motion to dismiss will be granted. An Order accompanies this Memorandum Opinion.


Signed:       EMMET G. SULLIVAN
              United States District Judge

Dated:        March 29, 2012